IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**

**February 27, 2024**

C. CASEY FORBES, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**MARILYN F. MINOR,**
**Petitioner Below, Petitioner**

**v.) No. 23-ICA-130**   (Fam. Ct. of Marion Cnty. Case No. FC-24-2022-D-323)

**KEVIN S. FORD,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Marilyn F. Minor ("Wife") appeals the February 22, 2023, order from the Family Court of Marion County granting the parties' divorce. Respondent Kevin S. Ford ("Husband") filed a response in support of the family court's order.[1] Wife did not file a reply. On appeal, Wife challenges several of the family court's findings of fact and conclusions of law with respect to equitable distribution of the marital debt.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the family court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

The parties were married on November 19, 2021, and separated on April 9, 2022. On April 13, 2022, Wife obtained a domestic violence protective order ("DVPO") against Husband. As part of the DVPO, the family court ordered Husband to return certain jewelry and clothing to Wife no later than April 15, 2022. On December 8, 2022, Wife filed for divorce, alleging irreconcilable differences. No children were born of the marriage. A final hearing was held on February 7, 2023, and February 14, 2023. The family court granted the divorce by order dated February 22, 2023.

As part of its equitable distribution analysis, the family court found that the parties resided in Wife's premarital home, had made one house payment in the amount of $525.00, that the house was foreclosed upon and purchased by Wife's ex-husband from a prior marriage, and that Wife continues to reside in the home but does not pay rent, utilities, or a mortgage. During the marriage, the parties purchased a pickup truck, which was repossessed and sold after the parties' separation. The family court held that Husband did not prove that there was a deficiency remaining on the balance of the truck loan following

---

[1] In this appeal, both parties are self-represented.

1

its sale by the lender. The family court also found that the parties had outstanding utility and service fees; had accumulated $18,181.00 in credit card debt during the marriage with $10,394.00 charged off by creditors, which Husband remained legally obligated to pay; and that the parties have a state tax debt of $987.00 for the 2021 tax year.

Next, the family court addressed both parties' allegations that the other had taken his or her personal property. Wife alleged that Husband failed to return several household and personal items as ordered by the DVPO, had damaged her $300.00 television, and ruined $100.00 in food. The family court found that Wife only requested clothing and jewelry under the DVPO and did not file a contempt action to allege certain items were not returned, and that Husband had returned all the household and personal items but owed Wife $400.00 for the damaged television and ruined food. It was determined that the parties agreed that the washer and dryer set was Husband's separate property because he brought the set into the marriage to replace the set owned by Wife. The family court also determined that Husband had provided an extensive list of separate property that was not returned to him when the parties separated. The family court ordered Wife to return those items and for Husband to return any of Wife's items in his possession within ten days.

After addressing those issues, the family court determined the only remaining issue was the equitable distribution of the parties' debts. The family court directed that the marital credit card debt and state tax debt, totaling $19,168.00, was to be paid by Husband, who would also be solely responsible for any remaining balance on the note for the repossessed truck. It was determined that Wife owed Husband an equitable distribution payment of $9,276.54, which included offsets for the $185.08 in marital utility debt attributed to Wife, along with the $400.00 she was awarded for personal property.

To facilitate payment of Wife's equitable distribution obligation, the family court ordered Wife to pay Husband an equalizing payment of $4,079.54 in monthly installments of $200.00 per month. Once Husband provided Wife proof that he was paying the charged off credit card debt, it was ordered that Wife would owe Husband a second equalizing payment for $5,197.00, which is the remaining balance of her equitable distribution obligation. However, if Husband failed to pay the charged off accounts, the family court ordered that Wife would not be responsible for the second equalizing payment.

The family court also denied Wife's request for spousal support, noting that she did not ask for spousal support until the final hearing. The family court found that when it considered Husband's absorption of substantial debt, the short duration of the marriage, Wife's current lack of living expenses, and her current unemployment but ability to work, her request for alimony should be denied. This appeal followed.

On appeal, we apply the following standard of review:

2

"In reviewing . . . a final order of a family court judge, we review the findings of fact made by the family court judge under the clearly erroneous standard, and the application of law to the facts under an abuse of discretion standard. We review questions of law *de novo*."

Syl., [in part,] *Carr v. Hancock*, 216 W. Va. 474, 475, 607 S.E.2d 803, 804 (2004). *Amanda C. v. Christopher P.*, 248 W. Va. 130, 133, 887 S.E.2d 255, 258 (Ct. App. 2022); *accord* W. Va. Code § 51-2A-14(c) (2005) (specifying standards for appellate court review of family court order). On appeal, Wife advances several arguments challenging the family court's rulings on equitable distribution.[2]

First, Wife contends that Husband's credit report is incomplete, that Husband did not prove its accuracy and Wife does not have the ability to verify the accuracy of its contents, and although the report lists Husband's legal name, "Kevin Ford," Wife argues that name could refer to anyone. It is Wife's opinion that the document is fake or at a minimum, inaccurate. Similarly, Wife also challenges the veracity of a Lowe's receipt for Husband's premarital purchase of the washer and dryer. Next, Wife asserts that the credit card documentation is not sufficient to establish the debts owed and that she should not be responsible for any of the credit card debt. On this point, it is argued that the financial statements do not contain complete account numbers or any other information to establish ownership of the accounts. Lastly, she argues that she should not have been held jointly responsible for the outstanding tax debt because she had no knowledge of it. We are not persuaded by these arguments.

Our review of the February 7, 2023, and February 14, 2023, hearing DVDs shows that Wife did not make any of these arguments below, nor did she offer any evidence before the family court to support these alleged errors despite the family court accommodating both parties and repeatedly asking if either party had any further witnesses or evidence to present. Most critically, we find that Wife did not place any objection below to preserve these issues for appeal. "'[O]ur general rule is that nonjurisdictional questions raised for the first time on appeal, will not be considered.'" *Battista v. Battista*, No. 23-ICA-40, 2023 WL 5695427, at *2 (W. Va. Ct. App. Sept. 5, 2023) (memorandum decision) (quoting

---

[2] In his brief, Husband asks this Court to order Wife to begin making the equalization payments under the family court's order and to hold her responsible for half of the deficiency balance on the repossessed truck. We decline to do so. Any alleged failure by Wife to comply with the family court's order must first be addressed through a contempt proceeding before the family court. Regarding the alleged deficiency, we find that Husband only makes this request in passing and did not properly raise the issue as a cross-assignment of error. Instead, Husband's brief states: "The [family court] judge looked at the evidence and made a fair decision," and that this Court "should uphold the [family court] judge[']s] decision." Therefore, we find that Husband does not challenge any of the family court's rulings.

*Noble v. W. Va. Dep't of Motor Vehicles*, 223 W. Va. 818, 821, 679 S.E.2d 650, 653 (2009)). *See also* Syl., *Smith v. Holloway Const. Co.*, 169 W. Va. 722, 289 S.E.2d 230 (1982) (citations omitted) ("Where objections were not shown to have been made in the [family] court, and the matters concerned were not jurisdictional in character, such objections will not be considered upon appeal."). Therefore, we find the record undisputed on all issues.

Further, to the extent that Wife disagrees with the family court's interpretation of the evidence when it ruled on equitable distribution, our Supreme Court of Appeals has stated:

> [W]ith regard to the family court's factual findings that underlie its equitable distribution order, this Court will not set aside findings of fact, whether based on oral or documentary evidence, unless they are clearly erroneous[.] A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the [family] court's account of the evidence is plausible in light of the record viewed in its entirety. It is within the sole province of the family court, as fact-finder, to decide issues of credibility, and this Court will not disturb those determinations. Even where testimony is uncontroverted, a fact-finder is free to disregard such testimony if it finds the evidence self-serving, and not credible.

*Mulugeta v. Misailidis*, 239 W.Va. 404, 408–09, 801 S.E.2d 282, 286–87 (2017) (citations and quotations omitted).

Here, we find that the family court's findings regarding equitable distribution are not clearly erroneous. The family court, as trier of fact, was in the best position to evaluate credibility and consider and give weight to the testimony and evidence presented. Our review of the record illustrates that the parties had few, if any, marital assets but had substantial marital debts, and that the family court's findings of facts and conclusions of law are reasonable considering the whole record. Thus, we find no error and decline to disturb the family court's order.

Accordingly, we affirm the family court's February 22, 2023, final order.

Affirmed.

**ISSUED:** February 27, 2024

4

**CONCURRED IN BY:**

Chief Judge Thomas E. Scarr
Judge Charles O. Lorensen
Judge Daniel W. Greear