**IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA**

**FILED**
**February 27, 2024**
C. CASEY FORBES, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**JOHN HASKE,**
**Defendant Below, Petitioner**

**v.) No. 23-ICA-50** (Cir. Ct. of Morgan Cnty. Case No. CC-33-2022-C-34)

**ELIZABETH JUDGE,**
**Plaintiff Below, Respondent**

**MEMORANDUM DECISION**

Petitioner John Haske appeals from the Circuit Court of Morgan County's January 3, 2023, Order Granting Plaintiff Possession and Judgment, which granted Respondent Elizabeth Judge's unlawful detainer action, granted her exclusive possession of the property, awarded her damages, and directed Mr. Haske to vacate the property. This order also dismissed Mr. Haske's counterclaim for damages. Ms. Judge filed a summary response in support of the circuit court's order.[1] Mr. Haske did not file a reply. On appeal, Mr. Haske challenges several of the findings of fact and conclusions of law in the circuit court's order.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On May 8, 2022, Ms. Judge's mother ("Decedent") passed away. At the time of her death, Decedent was the sole owner of certain real property located in Berkeley Springs, West Virginia ("Property").

Decedent died intestate and had no surviving spouse but had two surviving descendants, a son and a daughter, Ms. Judge.[2] Mr. Haske was Decedent's significant other

---

[1] On appeal, Mr. Haske is self-represented, and Ms. Judge is represented by Joseph L. Caltrider, Esq., and Liana L. Stinson, Esq.

[2] According to the circuit court's order, during the litigation Mr. Haske produced a purported copy of Decedent's will which had numerous handwritten modifications. However, it was further noted that no original will had been produced, nor had any will been offered for probate. Nevertheless, the existence of this purported document is not an issue currently before the Court on appeal.

at the time of her death and resided in the home. Mr. Haske refused to vacate the property following Decedent's death. On or about June 16, 2022, Ms. Judge was appointed the administrator of Decedent's estate.

Following her appointment, Ms. Judge, as an heir and the administrator of the estate, filed an unlawful detainer action in magistrate court seeking to eject Mr. Haske from the premises and to recover damages in the form of rent for the period in which he continued to reside at the Property following Decedent's death. On June 24, 2022, Mr. Haske filed a motion and had the matter removed from magistrate court to circuit court. Following the case's removal to circuit court, Ms. Judge filed an amended complaint on August 12, 2022, which alleged unlawful detainer and unjust enrichment. On August 22, 2022, Mr. Haske filed a counterclaim for unjust enrichment, claiming that he was entitled to damages in the form of payment for alleged repairs and improvements he had made to the Property.

On December 21, 2022, the circuit court held a bench trial on the amended complaint and counterclaim. At that time, both parties were represented by counsel. According to the circuit court's order, Mr. Haske testified that he had a right to the property based upon his recollection of a conversation with Decedent in which the couple planned to sell the Property and utilize any proceeds above $160,000.00 for their mutual benefit and, thus, he had a right to any Property value above that amount. However, Mr. Haske had no written agreement to this effect. Mr. Haske also admitted he was not listed on the deed or title to the Property. The circuit court found that Mr. Haske held no legal interest in the property and was not entitled to remain there. It was further determined that he had not paid rent prior to, nor following Decedent's death, and he did not have a lease agreement to reside on the property.

The circuit court also found that Mr. Haske had failed to prove his counterclaim for unjust enrichment and damages. The circuit court found Mr. Haske's testimony regarding the alleged improvements increasing the value of the Property to be speculative and inconsistent. It was determined that Mr. Haske had failed to produce any evidence of the increased value of the Property or the value of the purported improvements. Instead, the circuit court found that Mr. Haske "only presented certain replacement costs that were valued in the year 2022," that he testified he already owned many of the materials he used to make the repairs and improvements, and he testified that he performed the work himself and had no evidence of out-of-pocket expenses related to the improvements. It was also determined that Mr. Haske testified that the Property was worth $160,000.00 and, thus, even if he had established the validity of his alleged agreement with Decedent, by his own testimony, there was no excess value to which he would be entitled.

Next, the circuit court granted Ms. Judge's claim for damages, finding that Mr. Haske had been unjustly enriched by residing rent free on the property since Decedent's death. On this issue, Ms. Judge presented evidence that she had previously worked as a licensed real estate agent in New Jersey but had no experience with the real estate market

2

in West Virginia. However, relying upon her experience as a real estate professional, Ms. Judge had researched the surrounding comparable properties in the area to determine the fair market rental value of the Property. Based on that research and her opinion as the Property's owner, Ms. Judge found the fair market rental value of the Property to be $1,200.00 per month. The circuit court adopted this rental value.

The circuit court ordered Mr. Haske to remove himself and his personal property from the Property no later than February 4, 2023, and held that he was enjoined from removing any of Decedent's personal property or removing any improvements attached to the land. The circuit court further directed that if Mr. Haske vacated the Property on February 4, 2023, he would owe Ms. Judge $6,945.62 in damages for unpaid rent, but that should he vacate the Property sooner, damages would be prorated. The circuit court entered its order on January 3, 2023, and this appeal followed.

In addressing the instant appeal, our standard of review is as follows:

> In reviewing challenges to the findings and conclusions of the circuit court, we apply a two-prong deferential standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard, and we review the circuit court's underlying factual findings under a clearly erroneous standard. Questions of law are subject to a *de novo* review.

Syl. Pt. 2, *Walker v. W. Va. Ethics Comm'n*, 201 W. Va. 108, 110, 492 S.E.2d 167, 169 (1997).

On appeal, Mr. Haske raises seven assignments of error from the proceedings below. Specifically, he claims: (1) intimidation of his counsel by Ms. Judge's counsel; (2) the circuit court should have found that the improvements to the Property raised its value above $160,000.00; (3) Mr. Haske should not have participated in the circuit court proceedings due to fatigue from medical treatment; (4) Ms. Judge failed to establish her credentials as a real estate professional; (5) the $1,200.00 per month rental value of the Property failed to take into account the Property's several hazards and deficiencies, which should have reduced the Property's monthly rental value to at or near $0.00; (6) he should have been permitted to remove his nursery business from the Property because it was his pension plan; and (7) he should have been given ample time to remove himself and his personal belongings from the Property. However, we find that Mr. Haske has waived these arguments.

Here, the appendix record contains copies of pleadings, orders, and purported exhibits from the proceedings below; critically, however, the record does not contain any indication that Mr. Haske made any objections to the circuit court's rulings below to

preserve the issues raised in this appeal.[3] "'[O]ur general rule is that nonjurisdictional questions raised for the first time on appeal, will not be considered.'" *Battista v. Battista*, No. 23-ICA-40, 2023 WL 5695427, at *2 (W. Va. Ct. App. Sept. 5, 2023) (memorandum decision) (quoting *Noble v. W. Va. Dep't of Motor Vehicles*, 223 W. Va. 818, 821, 679 S.E.2d 650, 653 (2009)). *See also* Syl., *Smith v. Holloway Const. Co.*, 169 W. Va. 722, 289 S.E.2d 230 (1982) (citations omitted) ("Where objections were not shown to have been made in the trial court, and the matters concerned were not jurisdictional in character, such objections will not be considered upon appeal."). Further, this Court "will not consider an error which is not properly preserved in the record nor apparent on the face of the record." Syl. Pt. 4, *State v. Browning*, 199 W. Va. 417, 418, 485 S.E.2d 1, 2 (1997).

Because nothing in the appendix record establishes that Mr. Haske's alleged errors or exceptions to the circuit court's rulings were preserved for review on appeal, we consider the same to be waived. Accordingly, we find no error or abuse of discretion and hereby affirm the circuit court's January 3, 2023, order.

Affirmed.

**ISSUED:** February 27, 2024

**CONCURRED IN BY:**

Chief Judge Thomas E. Scarr
Judge Charles O. Lorensen
Judge Daniel W. Greear

---

[3] For example, a transcript of the December 21, 2022, bench trial would have shed light on the viability and merit of these arguments for the Court; however, a transcript was not requested by Mr. Haske's Notice of Appeal form, nor was a transcript included in the appendix record. *See* Syl. Pt. 3, in part, *Hudgins v. Crowder & Freeman, Inc.*, 156 W. Va. 111, 112, 191 S.E.2d 443, 444 (1972) (holding "what does not so appear [in the record,] does not exist in law.").