# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**
**April 22, 2024**

ASHLEY N. DEEM, DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**CHARLENE SOTAK,**
**Defendant Below, Petitioner**

**v.) No. 23-ICA-68**     (Cir. Ct. of Kanawha Cnty. Case No. 23-C-AP-21)

**SOUTH CHARLESTON HOUSING AUTHORITY,**
**Plaintiff Below, Respondent**

## MEMORANDUM DECISION

Petitioner Charlene Sotak appeals the February 27, 2023, Order of the Circuit Court of Kanawha County, which following a *de novo* bench trial, denied her magistrate court appeal and ruled in favor of Respondent South Charleston Housing Authority ("SCHA"). The Order granted SCHA immediate possession of the subject residential rental property and awarded it damages. SCHA filed a response.[1] Ms. Sotak did not file a reply. The issue raised on appeal is whether the circuit court afforded Ms. Sotak an adequate opportunity to present her case at trial.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

This is a wrongful occupation action that was initiated when SCHA filed a complaint in the Magistrate Court of Kanawha County on February 1, 2023, alleging that Ms. Sotak had failed to pay rent under the parties' lease agreement. SCHA sought immediate possession of the premises and judgment for the arrears. A magistrate heard the matter on February 14, 2023, and on that same day entered a Civil Judgment Order which granted SCHA immediate possession of the premises; awarded it $1,858.00 in damages, plus court costs and interest; and ordered Ms. Sotak to vacate the premises by February 15, 2023. Ms. Sotak appealed that ruling to circuit court on February 14, 2023.

The circuit court held a *de novo* bench trial on the matter on February 27, 2023, and entered the Order on appeal that same day. According to the Order, the testimony of SCHA's representatives established that Ms. Sotak had breached the terms of her lease agreement by failing to pay for several months, and that she still resided on the property.

---

[1] Ms. Sotak is self-represented. SCHA is represented by Paul D. Ellis, Esq.

1

It also found that Ms. Sotak testified that she worked at a local grocery store but could not afford her rent because of her utility and other bills. The circuit court awarded SCHA immediate possession of the premises, and $1,858.00 in damages, plus court costs and interest. This appeal followed.

In addressing the instant appeal, our standard of review is as follows:

> In reviewing challenges to the findings and conclusions of the circuit court, we apply a two-prong deferential standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard, and we review the circuit court's underlying factual findings under a clearly erroneous standard. Questions of law are subject to a *de novo* review.

Syl. Pt. 2, *Walker v. W. Va. Ethics Comm'n*, 201 W. Va. 108, 110, 492 S.E.2d 167, 169 (1997).

Ms. Sotak's sole assignment of error on appeal is that the circuit court did not give her an adequate opportunity to present her case at trial. Instead, Ms. Sotak argues that she was "cut off" and that circuit court sided with SCHA. Upon review, we find the appellate record does not preserve this argument for appeal; and therefore, we conclude this argument is waived. Here, the appendix record contains copies of the magistrate court record, a physician's letter, and a copy of the Order on appeal. However, the record does not contain any indication that Ms. Sotak made any objections before the circuit court to preserve her assignment of error for appeal.[2] Instead, the only record before us of the circuit court proceedings is the Order, which includes findings regarding Ms. Sotak's trial testimony, and nothing in the Order sets forth that Ms. Sotak was prevented from presenting her evidence.

"'[O]ur general rule is that nonjurisdictional questions raised for the first time on appeal, will not be considered.'" *Battista v. Battista*, No. 23-ICA-40, 2023 WL 5695427, at *2 (W. Va. Ct. App. Sept. 5, 2023) (memorandum decision) (quoting *Noble v. W. Va. Dep't of Motor Vehicles*, 223 W. Va. 818, 821, 679 S.E.2d 650, 653 (2009)). *See also* Syl., *Smith v. Holloway Const. Co.*, 169 W. Va. 722, 289 S.E.2d 230 (1982) (citation omitted) ("Where objections were not shown to have been made in the trial court, and the matters concerned were not jurisdictional in character, such objections will not be considered upon appeal."). Further, this Court "will not consider an error which is not properly preserved in

---

[2] A transcript of the February 27, 2023, bench trial would have shed light on the viability and merit of this argument for the Court; however, a transcript was not requested by Ms. Sotak's Notice of Appeal form, nor was a transcript included in the appendix record. *See* Syl. Pt. 3, in part, *Hudgins v. Crowder & Freeman, Inc.*, 156 W. Va. 111, 112, 191 S.E.2d 443, 444 (1972) (holding "what does not so appear [in the record,] does not exist in law.").

the record nor apparent on the face of the record." Syl. Pt. 4, *State v. Browning*, 199 W. Va. 417, 418, 485 S.E.2d 1, 2 (1997).

Because nothing in the appendix record establishes that Ms. Sotak preserved this issue for review on appeal, we consider the same to be waived. *See Haske v. Judge*, No. 23-ICA-50, 2024 WL 794601, at *3 (W. Va. Ct. App. Feb. 27, 2024) (affirming circuit court's order, finding errors raised on appeal were waived where appendix record failed to establish those errors were preserved below). Accordingly, we find no error or abuse of discretion and hereby affirm the circuit court's Order.[3]

Affirmed.

**ISSUED:** April 22, 2024

**CONCURRED IN BY:**

Chief Judge Thomas E. Scarr
Judge Charles O. Lorensen
Judge Daniel W. Greear

---

[3] In its brief, SCHA asked this Court to affirm the circuit court's Order, as well as remand the matter to circuit court for further proceedings to modify its judgment regarding damages and a date for Ms. Sotak to vacate the property. Alternatively, SCHA asked this Court to modify those terms in this decision in lieu of remand. This appeal is limited to the four corners of the circuit court's Order, and while we affirm the ruling as set forth therein, we decline to entertain any of SCHA's requests for additional relief.