EUGEAN SMITH, *et al.*

*v.*

HOLLOWAY CONSTRUCTION CO.

(No. 15158)

Decided March 26, 1982.

*Masters & Taylor* and *Barbara J. Keefer* for appellants.

*Jackson, Kelly, Holt & O'Farrell* and *Stephen R. Crislip* for appellee.

PER CURIAM:

This is an appeal by the appellants, Mr. and Mrs. Eugean Smith, from a judgment of the Circuit Court of Kanawha County in their action against the appellee, Holloway Construction Company, for damages allegedly caused their house by the Company's blasting. In the

course of the trial, the company made a motion *in limine* to exclude from the jury's consideration evidence of damages the blasting allegedly caused other buildings in the area. The trial court granted the motion. Even though the appellants did not object, they contend that the granting of the motion constituted error. After examining the record, we conclude that the appellants did not preserve the point for appellate review and we affirm.

This case arises out of blasting conducted by the appellee while building an interstate highway. In the course of blasting, cracks appeared in the foundation and walls of the appellants' home. After the appearance of the cracks, the appellants filed suit against the company for damages. At a pretrial conference, conducted on April 1, 1980, the company made a motion *in limine* to prevent the appellants from offering evidence of damages allegedly caused other structures by the appellee's blasting. The trial court did not rule upon the motion at that time. The company renewed its motion *in limine* just prior to trial and the judge granted it. The appellants did not object to the lower court's ruling. The appellants contend here that, by its very nature, a motion *in limine* does not require an objection to preserve it as error for appeal.

Our general rule regarding the necessity to object to preserve error for appeal is set forth in Syllabus Point 7 of *Wheeling Dollar Savings and Trust v. Leedy*, 158 W. Va. 926, 216 S.E.2d 560 (1975) as follows:

> "[W]here objections were not shown to have been made in the trial court, and the matters concerned were not jurisdictional in character, such objections will not be considered upon appeal."

*See, State Road Commission v. Ferguson*, 148 W.Va. 742, 137 S.E.2d 206 (1964). Clearly, the motion *in limine* did not relate to a jurisdictional matter. It was made for the purpose of excluding testimony concerning damages allegedly done other structures in the area by the appellees blasting operations. At most, it went to the admissibility of the evidence. As such, the matter was not jurisdictional

and, in the absence of an objection, was not preserved for appeal.

In addition, we note that despite the affirmative ruling on the motion *in limine*, the appellant still managed to present at least some of his desired testimony when, on cross-examination, two of his witnesses stated that their homes had been damaged by the appellee's blasting operations.

The appellant's contentions are without merit. The decision of the Circuit Court of Kanawha County is, therefore, affirmed.

*Affirmed.*