IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

FILED
July 1, 2024
ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**DOUG DAVISSON,**
**Grievant Below, Petitioner**

**v.) No. 23-ICA-344**          (Grievance Bd. Case No. 2021-2488-LewED)

**LEWIS COUNTY BOARD OF EDUCATION,**
**Respondent Below, Respondent**

### MEMORANDUM DECISION

Petitioner Doug Davisson appeals the June 13, 2023, Decision of the West Virginia Public Employees Grievance Board ("Board"), which denied his grievance against Respondent Lewis County Board of Education ("Lewis BOE"). Lewis BOE filed a response.[1] Mr. Davisson filed a reply. The issue on appeal is whether the Board erred by finding that the Lewis BOE did not violate its own policy by reassigning Mr. Davisson's temporary extracurricular bus route to another bus driver.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Davisson is employed by Lewis BOE as a full-time school bus operator. On May 18, 2021, Mr. Davisson was approved as a step-up driver for the daily extracurricular bus route of another bus driver who was temporarily off work. Pursuant to Lewis BOE policy, Mr. Davisson was to remain in this assignment for the duration of the regular bus driver's absence, which according to the record, was approximately six school days. However, on May 19, 2021, Mr. Davisson opted to take a one-day, extra-duty assignment,[2]

---

[1] Mr. Davisson is represented by Andrew J. Katz, Esq., and Lewis BOE is represented by Denise M. Spatafore, Esq.

[2] Pursuant to West Virginia Code § 18A-4-8b(f)(1) (2016), an *extra-duty assignment* refers to "an irregular job that occurs periodically or occasionally such as, but not limited to, field trips, athletic events, proms, banquets[,] and band festival trips."

driving students on a field trip instead of fulfilling his temporary extracurricular assignment for that day.[3]

Because Mr. Davisson took the field trip assignment in lieu of his extracurricular bus route, Lewis BOE determined that in accordance with its county policy, Mr. Davisson had left the step-up position and the step-up job was given to another bus driver. This policy, identified as Clause 15 of the Lewis County Transportation Department Practices and Procedures ("Transportation Policy"), was approved in December of 2010, and provides:

> When a regular bus operator is absent the step-up provision will be initiated immediately. Two (2) step-up lists will be maintained: one for regular runs and one for extracurricular runs. If the absent driver is contracted for more than one extracurricular run, the step-up driver must take all extracurricular runs held by the absent driver. If accepted, the step-up driver must remain in the step-up absence for the duration of the absence.

Thereafter Mr. Davisson filed his underlying grievance, which alleged that Lewis BOE violated one of the enumerated grounds for a grievance under West Virginia Code § 6C-2-2(i)(1) (2008) and West Virginia Code § 18A-4-15(a)(4) (2007) when it prohibited him from returning to his step-up assignment. West Virginia Code § 6C-2-2(i)(1) sets forth:

> (i)(1) "Grievance" means a claim by an employee alleging a violation, a misapplication or a misinterpretation of the statutes, policies, rules, or written agreements applicable to the employee including:
> (i) Any violation, misapplication or misinterpretation regarding compensation, hours, terms and conditions of employment, employment status or discrimination;
> (ii) Any discriminatory or otherwise aggrieved application of unwritten policies or practices of his or her employer;
> (iii) Any specifically identified incident of harassment;
> (iv) Any specifically identified incident of favoritism; or
> (v) Any action, policy or practice constituting a substantial detriment to or interference with the effective job performance of the employee or the health and safety of the employee.

West Virginia Code § 18A-4-15(a)(4) states:

---

[3] According to Mr. Davisson, the field trip paid a higher rate than the daily rate he was receiving for the step-up assignment. Mr. Davisson's grievance sought payment for the six days of the step-up assignment, which was $180.00 or thirty dollars per day.

The county board shall employ and the county superintendent, subject to the approval of the county board, shall assign substitute service personnel on the basis of seniority to perform any of the following duties . . . [to] temporarily fill a vacancy in a permanent position caused by severance of employment by the resignation, transfer, retirement, permanent disability, dismissal pursuant to section eight, article two of this chapter, or death of the regular service person who had been assigned to the position. Within twenty working days from the commencement of the vacancy, the county board shall fill the vacancy under the procedures set forth in section eight-b of this article and section five, article two of this chapter. The person hired to fill the vacancy shall have and be accorded all rights, privileges and benefits pertaining to the position[.]

A level three grievance hearing was held before the Board's administrative law judge on August 24, 2022, and March 23, 2023. On June 13, 2023, the Board entered its Decision, denying the grievance. The Decision found the testimony of Ms. Butcher, the executive secretary of Lewis BOE's transportation department at the time of these events, as well as the testimony of Lewis BOE's Director of Personnel, Ms. Mace, established that Mr. Davisson was advised that, pursuant to the Transportation Policy, if he left his step-up assignment, it would be reassigned to another bus driver for the duration of the assignment. The Board determined that Lewis BOE's application of the Transportation Policy was dispositive of the grievance. In this case, it was determined that Mr. Davisson did not perform his duties for the step-up assignment as required by the Policy and, thus, when Mr. Davisson took the field trip, his step-up assignment was properly given to another bus driver.

The Decision further found that Mr. Davisson's reliance upon West Virginia Code § 18A-4-15(a)(4) was misplaced because that statute was inapplicable to the issue at hand. Specifically, the Board found that Mr. Davisson was employed as a full-time bus driver, not a substitute service personnel as contemplated by the statute. Likewise, Mr. Davisson had not been hired to fill the temporary extracurricular vacancy, nor was he filling a vacancy for any of the reasons listed under the statute. W. Va. Code § 18A-4-15(a)(4) (providing for the temporary fulfilment in a permanent position caused by "the resignation, transfer, retirement, permanent disability, dismissal . . . or death of the regular service person who had been assigned to the position."). Instead, the Board determined that Mr. Davisson had been assigned pursuant to the Transportation Policy to temporarily provide coverage for the regular bus driver who was temporarily off work, but whose employment remained in effect.

Mr. Davisson also contended that, in the past, Lewis BOE regularly deviated from the Transportation Policy by permitting a bus driver to accept a higher paying assignment and then return to their original or step-up assignment. The Board found that consistent with its prior decisions, it did not have the authority to require an agency (or board) to

3

adopt a policy or make specific changes to existing policy, absent some law, rule, or regulation which mandated such action. *See Skaff v. Pridemore*, 200 W. Va. 700, 490 S.E.2d 787 (1997). The Decision also noted that while the parties offered conflicting testimony on this issue, a credibility determination was not necessary because the testimony of Mr. Davisson's witnesses was insufficient to prove an action of discrimination as defined by West Virginia Code § 6C-2-2(d) (2008) by comparing Mr. Davisson to a similarly situated bus driver.[4]

As a final matter, the Decision noted that county boards of education have substantial discretion in personnel matters and such discretion will not be disturbed unless the board's action was arbitrary and capricious. *See* Syl. Pt. 3, *Dillon v. Bd. of Educ.*, 177 W. Va. 145, 351 S.E.2d 58 (1986). Therefore, Lewis BOE had the discretion and authority to place conditions on extracurricular postings, and Mr. Davisson had failed to show that the Transportation Policy violated any existing law or policy. As adopted, the Transportation Policy ensures consistency with extracurricular runs and promotes student safety by precluding drivers in step-up assignments from resuming those assignments if they leave before finishing the duration of the assignment. Therefore, Lewis BOE's reassignment of the step-up assignment was not found to be clearly wrong or arbitrary and capricious. This appeal followed.

In this appeal, our governing standard of review for a contested case from the West Virginia Public Employees Grievance Board is as follows:

> A party may appeal the decision of the administrative law judge on the grounds that the decision:
> (1)     Is contrary to law or a lawfully adopted rule or written policy of the employer;
> (2)     Exceeds the administrative law judge's statutory authority;
> (3)     Is the result of fraud or deceit;
> (4)     Is clearly wrong in view of the reliable, probative and substantial evidence on the whole record; or
> (5)     Is arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

---

[4] This statute defines *discrimination* as "any differences in the treatment of similarly situated employees, unless the differences are related to the actual job responsibilities of the employees or are agreed to in writing by the employees." W. Va. Code § 6C-2-2(d).

W. Va. Code § 6C-2-5(b) (2007);[5] *accord* W. Va. Code § 29A-5-4(g) (2021) (specifying the standard for appellate review of administrative appeal). Likewise, "[t]he 'clearly wrong' and the 'arbitrary and capricious' standards of review are deferential ones which presume an agency's actions are valid as long as the decision is supported by substantial evidence or by a rational basis." Syl. Pt. 3, *In re Queen*, 196 W. Va. 442, 473 S.E.2d 483 (1996). *See also,* Syl. Pt. 1, in part, *In re Tiffany Marie S*., 196 W. Va. 223, 470 S.E.2d 177 (1996) (on appeal, a court may not overturn a finding simply because it would have decided case differently); Syl. Pt. 1, *Francis O. Day Co., Inc., v. Dir., Div. of Env't Prot*., 191 W. Va. 134, 443 S.E.2d 602 (1994) (evidentiary findings should not be reversed unless clearly wrong).

On appeal, Mr. Davisson raises four assignments of error. First, he argues that the Transportation Policy does not apply to his case because the isolated Policy language, "If the absent driver is contracted for more than one extracurricular run, the step-up driver must take all extracurricular runs held by the absent driver. If accepted, the step-up driver must remain in the step-up absence for the duration of the absence," must be interpreted to only apply when a step-up driver leaves one extracurricular bus route for another. Mr. Davisson argues that because his other assignment was classified as extra-duty and not extracurricular, he was entitled to return to the step-up assignment. We are not persuaded by this argument; instead, we find no error in Lewis BOE's and the Board's interpretation and application of the Transportation Policy.

On this issue, Mr. Davisson offers no authority to support his alternative interpretation of the Transportation Policy. "[A]n agency's determination of matters within its area of expertise is entitled to substantial weight." *Princeton Cmty. Hosp. v. State Health Plan.*, 174 W. Va. 558, 564, 328 S.E.2d 164, 171 (1985); *Anderson v. Bd. of Educ. of Cnty. of Gilmer*, No. 11-1235, 2012 WL 5834898, at * 3 (W. Va. Nov. 16, 2012) (memorandum decision) ("As a reviewing court, we defer to a board of education's expertise and discretion in the interpretation of its policies."); *Williamson v. W. Va. Bd. of Registered Nurses*, No. 23-ICA-172, 2024 WL 1729976, at * 6 (W. Va. Ct. App. April 22, 2024) (memorandum decision) (affording deference to the West Virginia Board of Registered Nurses' interpretation and application of a hospital policy). Upon review of the record, we find Lewis BOE's and the Board's interpretation and application of the Transportation Policy to be reasonable and supported by the facts of the case and, thus, are entitled to deference. As such, we decline to disturb their Policy determinations on appeal.

Second, Mr. Davisson contends the Board erred when it found the Lewis BOE complied with the Transportation Policy when it reassigned his step-up bus route after he accepted the field trip assignment. We find this argument unconvincing. Mr. Davisson's

---

[5] We acknowledge that West Virginia Code § 6C-2-5 was recently amended, effective March 1, 2024. However, the former version of the statute was in effect at the time the Board's decision was entered and applies to this case.

argument on this issue is premised upon the Board's finding that the reassignment of step-up bus routes under the Transportation Policy as a consistent past practice of the Lewis BOE. However, nothing in the Decision makes a past practice finding. Rather, the Decision determined that Mr. Davisson's evidence was insufficient to prove an act of discrimination. Critically, Mr. Davisson offers no argument as to that finding on appeal. Therefore, we find no error in the Board's ruling in that regard.

Next, Mr. Davisson assigns error to the Board's finding that West Virginia Code § 18A-4-15 did not apply to the case. Mr. Davisson argues the last sentence of subsection (a)(4), "[t]he person hired to fill the vacancy shall have and be accorded all rights, privileges and benefits pertaining to the position," gave him the right to accept both the step-up and extra-duty assignments without consequence. According to Mr. Davisson, this rationale is similar to an employee who takes a day of annual or sick leave but then returns to work the next day and, thus, we should find the Board's basis for not applying the statute to be arbitrary and capricious. We find no merit in this argument and also note that Mr. Davisson offers no authority to support his position. Instead, we find the facts of this case, combined with the deference we owe to Board's expertise in these matters, leads us to conclude that the Board's interpretation of the statute was reasonable; and therefore, we decline to find that the Board's ruling on this issue was clearly wrong or arbitrary and capricious.

As his final assignment of error, Mr. Davisson argues the Board erred by not finding the Lewis BOE was the one responsible for Mr. Davisson's noncompliance with the Transportation Policy because it was solely responsible for offering him the extra-duty assignment, knowing he would not be able to comply with the requirements of the Transportation Policy for the step-up assignment. However, we find Mr. Davisson has waived this issue on appeal. Aside from Mr. Davisson citing no authority to support his position, the Board's Decision does not address this argument and Mr. Davisson fails to cite to any portion of the record to establish this argument was made below to preserve it for appeal. *See Noble v. W. Va. Dep't of Motor Vehicles*, 223 W. Va. 818, 821, 679 S.E.2d 650, 653 (2009) ("Our general rule is that nonjurisdictional questions ... raised for the first time on appeal, will not be considered."). *See also* Syl., *Smith v. Holloway Const. Co.*, 169 W. Va. 722, 289 S.E.2d 230 (1982) (citations omitted) ("Where objections were not shown to have been made in the [family] court, and the matters concerned were not jurisdictional in character, such objections will not be considered upon appeal."). Thus, we find no merit in this assignment of error.

Accordingly, we find no error and affirm the Board's Decision.

Affirmed.

6

**ISSUED:** July 1, 2024

**CONCURRED IN BY:**

Chief Judge Thomas E. Scarr
Judge Charles O. Lorensen
Judge Daniel W. Greear