# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**

**October 28, 2024**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**JOSHUA H.,**
**Respondent Below, Petitioner**

**v.) No. 24-ICA-226**    (Fam. Ct. Putnam Cnty. Case No. FC-40-2023-D-292)

**KRISTEN H.,**
**Petitioner Below, Respondent**


## MEMORANDUM DECISION

Petitioner Joshua H.[1] ("Father") appeals the Family Court of Putnam County's May 9, 2024, final divorce order that awarded Respondent Kristen H. ("Mother") primary custody of the parties' child. Mother filed a response in support of the family court's order.[2] Father filed a reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the family court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

The parties were married in October 2010 and separated at the beginning of December 2023. Shortly thereafter, Mother filed a petition for divorce. One child was born of the marriage in 2011. Mother had another child from a previous relationship who lived with the parties during their marriage.

On December 12, 2023, the family court held a hearing with the parties regarding a domestic violence petition.[3] During that hearing, with both parties present, the date and

---

[1] To protect the confidentiality of the juvenile involved in this case, we refer to the parties' last names by the first initial. *See, e.g.*, W. Va. R. App. P. 40(e); *State v. Edward Charles L.*, 183 W. Va. 641, 645 n.1, 398 S.E.2d 123, 127 n.1 (1990).

[2] Both parties are self-represented.

[3] The record on appeal does not contain much information regarding the domestic violence case other than it was dismissed and there has never been a judicial determination that Father committed domestic violence.

1

time of the final divorce hearing was scheduled. On December 14, 2023, the family court entered a scheduling order that set the final divorce hearing for March 21, 2024, at 8:30 a.m. The court also entered a temporary order on December 21, 2023, that included the date and time of the final divorce hearing.

On February 24, 2024, the family court held a hearing regarding Mother's motion to suspend Father's supervised parenting time that had been ordered at some point prior. During that hearing, Father was again advised of the date and time of the final divorce hearing.

On March 21, 2024, the family court held the final divorce hearing which was scheduled to take the entirety of the day. Although Father's attorney was present in the waiting room, Father had not arrived when the court called the case at 8:48 a.m. The court found that Father was duly notified of the hearing approximately four times by written orders or documents and was told in person on at least two occasions. Based upon Father's failure to appear, his attorney moved the court to allow him to withdraw from representation, which the court granted. Father's attorney then left. At approximately 9:50 a.m., over an hour after the final hearing was scheduled to begin, Father arrived for the hearing and moved for a continuance, which was denied since the hearing was scheduled to last the entire day. The family court then heard the parties' evidence and argument.

On April 19, 2024, Mother's counsel provided the parties with notice of the final divorce order pursuant to Rule 22(b) of the Rules of Practice and Procedure for Family Court, notifying the parties that they had five days from the receipt of the notice to file any written objections to the family court's order. The record on appeal indicates that no written objections were filed by either party.

On May 9, 2024, the family court entered the final divorce order from the March 21, 2024, final hearing. The court granted the divorce, implemented a parenting plan due to the parties' inability to reach an agreement, and considered limiting factors pursuant to West Virginia Code § 48-9-209 (2024) in support of the parenting plan. Specifically, the court found that Mother had rebutted the presumption of 50-50 equal custody pursuant to West Virginia Code §§ 48-9-209[(a)](1), 48-9-209[(a)](3), 48-9-209(f)(3)(A), 48-9-209(f)(3)(C), 48-9-209(f)(3)(D), 48-9-209(f)(3)(G), 48-9-209(f)(4)(B), 48-9-209(f)(4)(D), 48-9-209(f)(4)(E), 48-9-209(f)(4)(F), and 48-9-209(f)(6), and analyzed the facts of the case as they pertained to each of those factors. The court awarded primary custody of the child to Mother and awarded Father supervised parenting time to take place through Children's First, Liam's Place, or the YWCA program once a week. It is from this order that Father now appeals.

When reviewing the order of a family court, we apply the following standard of review:

2

When a final order of a family court is appealed to the Intermediate Court of Appeals of West Virginia, the Intermediate Court of Appeals shall review the findings of fact made by the family court for clear error, and the family court's application of law to the facts for an abuse of discretion. The Intermediate Court of Appeals shall review questions of law de novo.

Syl. Pt. 2, *Christopher P. v. Amanda C.*, 250 W. Va. 53, 902 S.E.2d 185 (2024); *accord* W. Va. Code § 51-2A-14(c) (2005) (specifying standards for appellate court review of family court orders).

On appeal, Father technically asserts four assignments of error but as they are unclear, it is difficult to determine the number and exact nature of the errors he alleges. Father also argues errors in the argument section of his brief that contain altered language and a different order from the assignments of error section. Therefore, we decline to consider any alleged error that we cannot decipher pursuant to Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure, which provides, in pertinent part, that "[Father's] brief must contain an argument clearly exhibiting the points of fact and law presented, the standard of review applicable, and citing the authorities relied on, under headings that correspond with the assignments of error." "Although we liberally construe briefs in determining issues presented for review, issues which are not raised, and those mentioned only in passing but are not supported with pertinent authority, are not considered on appeal." *State v. Larock*, 196 W. Va. 294, 302, 470 S.E.2d 613, 621 (1996).

However, "[w]hen a litigant chooses to represent himself, it is the duty of the trial court [and this Court] to [e]nsure fairness, allowing reasonable accommodations for the [self-represented] litigant so long as no harm as no harm is done [to] an adverse party ...." *State ex rel. Dillon v. Egnor*, 188 W. Va. 221, 227, 423 S.E.2d 624, 630 (1992) (citation omitted). Accordingly, we will address the issues that we find constitute the essence of Father's appeal.

First, Father argues that the family court abused its discretion by not awarding him equal 50-50 custodial allocation of the parties' child. In support of his argument, Father asserts that the family court erroneously based its decision on his post-traumatic stress disorder ("PTSD") when his psychologist provided a letter stating that his PTSD does not impair his ability to care for the children. We find no merit in this argument.

This Court has previously stated,

West Virginia Code § 48-9-206(a) presumes equal (50-50) custodial allocation of parenting time unless otherwise resolved by agreement of the parties. However, the family court may deviate from equal custodial time if the court expressly finds that the arrangement would be harmful to the child

or that a provision of West Virginia Code § 48-9-209(f) necessitates another arrangement.

*Jonathon F. v. Rebekah L.*, 247 W. Va. 562, 564, 883 S.E.2d 290, 292 (Ct. App. 2023).

Here, the family court considered all the limiting factors described in West Virginia Code § 48-9-209 and discussed and analyzed how nine of the factors described in subsection (f) were successfully rebutted by Mother. The court did not solely base its determination on Father's PTSD, but considered eight other factors that would have likely resulted in the same conclusion. Thus, we conclude that the family court did not err by considering Father's PTSD when it was one of many limiting factors the court considered in making its custodial determination that was in the child's best interest.

Next, Father argues that the family court's finding that "Father has engaged in acts of domestic violence against Mother in front of the children[,]" was clearly erroneous because the petition was denied. We disagree. While the family court, as the presiding court over the domestic violence petition, considered that Father had engaged in acts of domestic violence in front of the children when determining custody pursuant to West Virginia Code § 48-9-209, it also made the specific finding that there had never been a judicial determination that Father had committed domestic violence. The court noted that Father had a pending criminal charge for allegedly violating a domestic violence protective order granted to Mother.[4]

This Court has previously held that:

This Court cannot set aside a family court's factual findings "unless they are clearly erroneous." A finding is clearly erroneous only when "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Syl. Pt. 1, *In re Tiffany Marie S.*, 196 W. Va. 223, 470 S.E.2d 177 (1996). Under the clearly erroneous standard, an appellate court does not reweigh the evidence and cannot reverse a family court's findings simply because it may have viewed the evidence differently. *See Mulugeta v. Misailidis*, 239 W. Va. 404, 408, 801 S.E.2d 282, 286 (2017). Further, a family court is entitled to deference to the extent it relies on determinations it made of the parties' credibility. *See Thomas E. v. Amy F.*, No. 13-0176, 2013 WL 5708438, at *2 (W. Va. Oct. 21, 2013) (memorandum decision).

---

[4] The record neither reflects when the domestic violence protective order was entered against Father nor for how long it was in place.

4

*James W. v. Ciara R.*, Nos. 23-ICA-237, -238, -239, 2024 WL 1740353, at *6 (W. Va. Ct. App. Apr. 22, 2024) (memorandum decision). Thus, we conclude that the family court's finding that Father had engaged in acts of domestic violence against Mother in front of the children was not clearly erroneous.

Lastly, Father argues that the family court abused its discretion by failing to order Mother to reimburse him $30,000.00 that she allegedly took from the parties' bank account during the proceedings.[5] The record indicates that this issue was addressed in the court's December 21, 2023, temporary order. As Father has failed to cite to any portion of the record to establish this argument was made below to preserve it for appeal, we conclude that Father waived this issue. *See Noble v. W. Va. Dep't of Motor Vehicles*, 223 W. Va. 818, 821, 679 S.E.2d 650, 653 (2009) ("Our general rule is that nonjurisdictional questions ... raised for the first time on appeal, will not be considered."); *see also* Syl., *Smith v. Holloway Const. Co.*, 169 W. Va. 722, 289 S.E.2d 230 (1982) (citations omitted) ("Where objections were not shown to have been made in the [family] court, and the matters concerned were not jurisdictional in character, such objections will not be considered upon appeal."). Thus, we find no merit in this assignment of error.

Accordingly, based on the foregoing, we affirm the Family Court of Putnam County's May 9, 2024, final divorce order.

Affirmed.

**ISSUED:** October 28, 2024

**CONCURRED IN BY:**

Chief Judge Thomas E. Scarr
Judge Charles O. Lorensen
Judge Daniel W. Greear

---

[5] Father also argues that he was unprepared for the final hearing because his retained counsel withdrew from representation on the day of the final hearing, did not file his financial affidavit, and failed to reimburse him $5,000.00. This Court is without jurisdiction to consider lawyer disciplinary matters, and thus declines to address the same. *See* W. Va. Code § 51-11-4(d)(5) (2024); *see also* W. Va. R. App. P. 1(b). To the extent that Father's argument pertains to not having adequate notice of the final hearing, we find no merit. Based upon the record provided, Father was provided with written notice of the final divorce hearing on at least two occasions; thus, the family court did not err by proceeding with the long-scheduled final hearing without Father having made a timely motion to continue.