IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**
**December 6, 2024**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**MARLENA P.,**
**Petitioner Below, Petitioner**

**v.) No. 24-ICA-170** (Fam Ct. Wayne Cnty. Case No. FC-50-2019-D-196)

**KENDAL P.,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Marlena P. [1] appeals the Family Court of Wayne County's March 22, 2024, order that denied her motion for reconsideration of the court's November 22, 2022, modified final divorce order. Respondent Kendal P. filed a response in support of the family court's order.[2] Marlena P. filed a reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the family court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

The parties were married in July 2000, separated in February 2018, and divorced by final order entered in September 2019. The parties adopted two children during their marriage, who are minors over the age of fourteen.[3] Marlena P. is currently disabled and was disabled for the entirety of the parties' marriage. The parties entered into a voluntary settlement agreement that completely resolved all the issues in their divorce action and was incorporated into the final divorce order.

---

[1] To protect the confidentiality of the juveniles involved in this case, we refer to the parties' last name by the first initial. *See, e.g.*, W. Va. R. App. P. 40(e); *State v. Edward Charles L.*, 183 W. Va. 641, 645 n.1, 398 S.E.2d 123, 127 n.1 (1990).

[2] Both parties are self-represented.

[3] The children receive a monthly adoption stipend from the State of West Virginia in the combined amount of $1,400 which is designed to provide support for the children until they reach the age of eighteen. At the time of the parties' divorce, Marlena P. was the recipient of the monthly stipend because she had primary custody of the children.

Pursuant to their agreement and relevant to this appeal, the parties agreed to the following: Marlena P. received primary custody of the children; Kendal P. received parenting time approximately twelve days per month; Kendal P. would pay $400 per month to Marlena P. for child support until the children reached the age of eighteen and additional child support in the amount of $350 per month for twelve and one-half years unless Marlena. P. cohabitated with another or remarried, which would then terminate the additional child support; Kendal P. would pay Marlena P. $50 per month in spousal support for thirteen years unless Marlena P. cohabitated with another, remarried, or became deceased; Marlena P. would receive two of the parties' three marital homes; Kendal P. would receive one of the parties' three marital homes; Kendal P. would be solely responsible for the marital debt owed to the Internal Revenue Service ("IRS") for the 2016, 2018, and 2019 tax years; and the children's $1400 adoption stipend would be issued to Marlena P., as the primary custodial parent.

In the Spring of 2021, Marlena P. elected to sell the two marital homes she received in the divorce. However, both homes were titled solely in Kendal P.'s name, and despite language in the settlement agreement requiring the legal transfer, Kendal P. had not transferred ownership by deed to Marlena P. Accordingly, and at the advice of Marlena P.'s realtor, Kendal P. appeared at the closings of both homes to complete those sales.

Kendal P. asserts that during the first real estate closing, he was made aware of approximately $10,000 in existing tax liens on the property, which were deducted from the proceeds of the sale and remitted to the West Virginia State Tax Department. He agreed to reimburse Marlena P. for those lost proceeds, but because he was the seller of record for both houses, Kendal P. was also assessed capital gains taxes of approximately $4,000, which he maintains should have been Marlena P.'s responsibility.

After the sale of the houses, Marlena P. moved from Wayne County, where Kendal P. and their children lived, to Putnam County. In September 2022, both parties moved to modify the September 2019 final divorce order since the children desired to remain at their school in Wayne County. In her motion, Marlena P. specifically asked the family court to do the following: increase her child support award; increase her spousal support award; and allow her to reside with another person. Kendal P., in his motion for modification, asked the family court to modify the final divorce order by awarding him primary custody of the children and decreasing his child support obligation.

A modification hearing was held on November 9, 2022, and by order entered November 22, 2022, the family court modified the September 2019 order due to a substantial change in circumstances. The court found the following: that the children were mature enough to decide where they wanted to reside and made a firm and reasonable preference to reside with Kendal P., which was in their best interests; Marlena P. could have parenting time at the children's discretion; Marlena P. was fifty-four-years-old and

2

Kendal P. was fifty-two-years-old; the parties were married for nineteen years; Marlena P. was disabled for the entirety of the parties' marriage; Marlena P.'s monthly income was $2,906 at the time of the divorce, which included the $1,406 adoption subsidy, her $700 SSI award, $750 child support award, and $50 spousal support award; Marlena P. was unable to work, in poor health, and unable to increase her income in the future; Kendal P. did not have any health problems; Marlena P. stayed at home with the parties' children so that Kendal P. could advance in his education, training, career, and earning capacity; Kendal P. was a sole proprietor attorney and did not have a financial need; Marlena P. had a financial need because her sole monthly income was $700 per month in SSI and she has monthly expenses of $2,200; Kendal P.'s average gross income was $5,000 a month; Kendal P. has the ability to pay spousal support; and Kendal P.'s expenses will increase since he is now the primary custodial parent.

Based on its findings, the family court ordered the following: that the children's $1,400 adoption stipend would be issued to Kendal P.; that Kendal P. would pay $1,000 per month to Marlena P. for spousal support for ten years; that because the modified spousal support award would be considered Marlena P.'s income, it was necessary to recalculate child support, which determined that Marlena P. was obligated to pay $276.38 per month in child support; and that Kendal P. owed Marlena P. $300 per month for twenty months to reimburse Marlena P. for $6,000 in taxes for the sale of the parties' homes that had been awarded to Marlena P. in equitable distribution.

On December 19, 2022, Marlena P. filed a motion for reconsideration, asking the family court to reconsider various issues in the modification order. Specifically, Marlena P. asked the family court to reconsider the following: the amount and duration of spousal support due to her SSI being terminated; an alternative form of payment so that her SSI would not be reduced dollar-for dollar; her responsibility for paying half of the real estate penalty; permanent spousal support instead of temporary spousal support; and her child support obligation.

After holding two initial hearings on Marlena P.'s motion for reconsideration, the family court held a final hearing on May 1, 2023. On June 23, 2023, the family court provided the proposed order by Rule 22(b) notice, which allows any party five days to file written objections with the court. On June 28, 2023, Marlena P. filed her written objections to the court's proposed order.[4] The court's order found the following: that Marlena P. stated

---

[4] On July 27, 2023, Marlena P. filed a motion to disqualify the presiding family court judge from the proceedings. Her motion alleged that the judge was biased, and a conflict of interest existed because Kendal P. regularly practiced family law before the presiding judge. However, on August 10, 2023, the Supreme Court of Appeals of West Virginia entered an administrative order deeming that Marlena P.'s motion was insufficient to warrant the family court judge's disqualification.

that she was abandoning her prior efforts of avoiding the offset of her SSI and requested Kendal P. to simply pay his monthly spousal support obligation; that the court had already rectified the issue of the real estate taxes by ordering Kendal P. to pay Marlena P. $300 per month for twenty months; that Marlena P. advanced no additional argument or evidence that had not already been presented during the November 9, 2022, hearing regarding the amount of spousal support; that the court used the West Virginia Child Support Formula to calculate child support and Marlena P. could not point to any specific error by the court; and that Marlena P.'s total income at the time of the parties' divorce was $2,206.00, and not $2,906.00. It is from this order denying her motion for reconsideration that Marlena P. now appeals.

When reviewing the order of a family court, we apply the following standard of review:

> When a final order of a family court is appealed to the Intermediate Court of Appeals of West Virginia, the Intermediate Court of Appeals shall review the findings of fact made by the family court for clear error, and the family court's application of law to the facts for an abuse of discretion. The Intermediate Court of Appeals shall review questions of law de novo.

Syl. Pt. 2, *Christopher P. v. Amanda C.*, 250 W. Va. 53, 902 S.E.2d 185 (2024); *accord* W. Va. Code § 51-2A-14(c) (2005) (specifying standards for appellate court review of family court orders).

On appeal, Marlena P. failed to assert specific assignments of error. Instead, she provided statements explaining how she believed the family court erred. This Court will not consider any alleged error that we cannot decipher pursuant to Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure, which provides, in pertinent part, that "[Marlena P.'s] brief must contain an argument clearly exhibiting the points of fact and law presented, the standard of review applicable, and citing the authorities relied on, under headings that correspond with the assignments of error." "Although we liberally construe briefs in determining issues presented for review, issues which are not raised, and those mentioned only in passing but are not supported with pertinent authority, are not considered on appeal." *State v. Larock*, 196 W. Va. 294, 302, 470 S.E.2d 613, 621 (1996); *see also Joshua H., v. Kristen H.,* No. 24-ICA-226, 2024 WL 4601823, at *2 (W. Va. Ct. App. Oct. 28, 2024).

However, "[w]hen a litigant chooses to represent himself, it is the duty of the trial court [and this Court] to insure fairness, allowing reasonable accommodations for the pro se litigant so long as no harm is done [to] an adverse party[.]" *State ex rel. Dillon v. Egnor*, 188 W. Va. 221, 227, 423 S.E.2d 624, 630 (1992) (internal quotations and citations omitted). Accordingly, we construe Marlena P.'s brief as raising five issues, which we will address in turn.

4

First, Marlena P. asserts that the family court erred by failing to reconsider her spousal support award. In support of her argument, Marlena P. contends that her SSI award was terminated after she was awarded spousal support, and that she should have been awarded permanent spousal support rather than simply for ten years. We find no merit in this argument.

"Our general rule is that nonjurisdictional questions ... raised for the first time on appeal, will not be considered." *Noble v. W. Va. Dep't of Motor Vehicles*, 223 W. Va. 818, 821, 679 S.E.2d 650, 653 (2009); *see also* Syl., *Smith v. Holloway Const. Co.*, 169 W. Va. 722, 289 S.E.2d 230 (1982) (citations omitted) ("Where objections were not shown to have been made in the [family] court, and the matters concerned were not jurisdictional in character, such objections will not be considered upon appeal."). A review of the record indicates that Marlena P. informed the family court that she was abandoning her prior efforts regarding how her spousal support had affected her SSI and asked the court to order Kendal P. to pay her the monthly amount of spousal support pursuant to the November 2022 order. Thus, because Marlena P. withdrew her objection during the final hearing, we decline to consider the same.

Regarding permanent spousal support, this Court has previously stated the following:

> A motion for reconsideration is simply not an opportunity to relitigate facts upon which a court has already ruled. In *Ray v. Ray*, 216 W. Va. 11, 14 n.13, 602 S.E.2d 454, 457 n.13 (2004), (*overruled on other grounds*), the Supreme Court of Appeals of West Virginia found that motions pursuant to West Virginia Code § 51-2A-10 have replaced motions for relief from judgment under Rule 60(b) of the West Virginia Rules of Civil Procedure in the family court. Where the motion is nothing more than a request that the court change its mind, it is not authorized by Rule 60(b). *See Kerner v. Affordable Living, Inc.*, 212 W. Va. 312, 314-15, 570 S.E.2d 571, 573-74 (2002).

*Kierstyn C. v. Justin B.*, No. 23-ICA-200, 2024 WL 1256070, at *4 (W. Va. Ct. App. Mar. 25, 2024) (memorandum decision). Here, Marlena P.'s request for the family court to reconsider the type of spousal support awarded was simply asking the court to reweigh evidence it had already heard at the November 2022 hearing and reach a different conclusion. Therefore, we find no error.

Next, Marlena P. argues that the family court erred by declining to reconsider her child support obligation since her income was reduced due to the termination of her SSI. In support of her argument, she contends that the court's calculation of her child support was clearly erroneous. We disagree.

The Supreme Court of Appeals of West Virginia has long held that "[q]uestions relating to alimony and to the maintenance and custody of children are within the sound discretion of the court, and its action with respect to such matters will not be disturbed on appeal unless it clearly appears that such discretion has been abused." Syl. Pt. 2, *Sloan v. Sloan*, 219 W. Va. 105, 632 S.E.2d 45 (2006).

Here, Marlena P.'s parenting time was substantially decreased since the children chose to remain in Wayne County with Kendal P. As such, the family court utilized the basic shared parenting formula when it calculated Marlena P.'s child support obligation.[5] "There is a rebuttable presumption, in any proceeding before a court for the award of child support, that the amount of the award which would result from the application of these guidelines is the correct amount of child support to be awarded." W. Va. Code § 48-13-101 (2001). There is no indication in the record that the family court used an incorrect amount or abused its discretion when it calculated child support during the November 9, 2022, hearing. Thus, we find no error in the court's decision declining to reconsider this issue.[6]

Next, Marlena P. argues that the family court erred by not ordering Kendal P. to reimburse her for court costs since he is an attorney, and she is disabled and was required to represent herself in the proceedings below. Nowhere in the record does it appear to establish that Marlena P. argued this issue before the family court. As we explained above, we decline to address nonjurisdictional issues that were not raised before the family court. *See Noble,* 223 W. Va. at 821, 679 S.E.2d at 653. Thus, we decline to consider this issue.

Next, Marlena P. argues that the family court erred by requiring her to pay the capital gains tax resulting from the sale of the two homes. We find no merit in this argument. In their 2019 settlement agreement, the parties agreed that Marlena P. would own the two marital homes and that Kendal P. would sign all necessary documents to convey the homes to Marlena P. since they were solely in his name. Had he signed these documents at the time of their divorce, the $4,000 capital gains tax would have been assessed exclusively to Marlena P. instead of Kendal P. However, since Marlena P. paid the $10,000 tax lien that Kendal P. was responsible for when the houses were sold and Kendal P. paid the $4,000 capital gains tax that Marlena P. was responsible for, it left a remainder of him owing her $6,000. The court's order requiring Kendal P. to pay Marlena P. $300 per month for twenty months until she was reimbursed the $6,000 rectified this issue. Therefore, we find no error.

---

[5] *See* West Virginia Code § 48-13-301 (2023) for the chart showing basic shared parenting child support guidelines.

[6] However, this does not prevent Marlena P. from filing a new petition for modification in the future.

Lastly, Marlena P. contends that the family court erred by failing to order Kendal P. to pay an IRS tax debt from 2016. She argues that pursuant to the 2019 settlement agreement, Kendal P. agreed to be solely responsible for the marital debt owed to the IRS for 2016 and the IRS has since sent her a letter that an excess of $6,000 is owed for the 2016 tax year. Again, a review of the record establishes that Marlena P. failed to raise this issue below and we decline to consider the same on appeal.

Accordingly, we affirm the family court's March 22, 2024, order that denied Marlena P.'s motion for reconsideration.

Affirmed.

**ISSUED:** December 6, 2024

**CONCURRED IN BY:**

Chief Judge Thomas E. Scarr
Judge Charles O. Lorensen
Judge Daniel W. Greear